<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GCIU-EMPLOYER RETIREMENT FUND, et al.,**<br><br>  *Plaintiffs*,<br><br>    v.<br><br>**HARVARD PRESS, INC., et al.,**<br><br>  *Defendants.* | **Civil Action No. 16-1074**<br><br>**OPINION** |

**ARLEO, UNITED STATES DISTRICT JUDGE**

  **THIS MATTER** comes before the Court on Plaintiffs GCIU-Employer Retirement Fund (the "Pension Fund") and Board of Trustees of the GCIU-Employer Retirement Fund's ("Board of Trustees") (together, "Plaintiffs") motion for default judgment against Defendants Harvard Press, Inc. ("Harvard Press"), Harvard Printing Co. ("Harvard Printing"), and Wilrick, LLC (together, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 7. For the reasons set forth herein, the motion is **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**

  This matter arises from Plaintiffs' claim for withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1381.

  The Pension Fund is a "multi-employer pension plan" within the meaning of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). Compl. ¶ 3, Dkt. No. 1. Plaintiff Board of Trustees is the named fiduciary of the Pension Fund within the meaning of ERISA, 29 U.S.C. § 1102(a), and is the plan sponsor of the Pension Fund within the meaning of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii)

and 1301(a)(10).  Id. ¶ 4.  The Board of Trustees administers the Pension Fund from City of Industry, California.  Id.

Defendants are New Jersey corporations.  Id. ¶¶ 6-8.  Defendants are under common control and constitute a single "employer" within the meaning of ERISA.  Id. ¶ 9.  Defendant Harvard Press was bound by a collective bargaining agreement with Graphic Communications International Union Local 612M ("GCIU Local"), effective June 1, 2006 through May 31, 2009.  Id. ¶¶ 12-15; Exs. B and E, Dkt. No. 1-1.  Defendant Harvard Press was also a party to a "Pension Subscription Agreement" that required it to contribute to the Pension Fund through at least June 1, 2008.  Id. Ex. C., Dkt. No. 1-1.

On December 1, 2009, defendant Harvard Printing "permanently ceased operations," resulting in a complete withdrawal from the Pension Fund pursuant to 29 U.S.C. § 1383(a).  Id. ¶ 16.  On February 25, 2010, Plaintiffs issued Defendants a Notice of Complete Withdrawal Liability and Demand for Payment (the "Notice and Demand"), requesting a sum of $1,079,200.  Id. ¶ 17, Ex. D, Dkt. No. 1-1.  Defendants did not respond within the ninety-day statutory period to dispute the accounting provided by the Notice and Demand.  Id. ¶ 19.  On August 6, 2010, Plaintiffs then issued a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure"). Id. ¶ 20.  The Demand for Cure required payment within 60 days of Defendants' receipt of the letter.  Id., Ex. E, Dkt. No. 1-1.  Defendants failed to subsequently initiate arbitration as provided by ERISA, or make any withdrawal liability payments to Plaintiffs.  Id. ¶¶ 21-22.

Plaintiffs commenced this action on February 25, 2016.   An Entry of Default was issued on April 8, 2016.  Dkt. entry dated April 8, 2016.  Plaintiffs subsequently filed this motion for default judgment on May 12, 2016.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment, the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Sav. Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. The ERISA statute grants this Court exclusive subject-matter jurisdiction over the claims. 29 U.S.C. § 1132(e)(1). The Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1331. The Court has personal jurisdiction over Defendants, which are all

corporations established under the laws of New Jersey. Plaintiff also provided the Court with proof of personal service of Defendants by leaving a copy of the Summons and Complaint with their attorney and authorized agent to accept service. Dkt. No. 4.

### B. Liability

Plaintiffs have pled an ERISA claim against Defendants. Under ERISA, "if an employer withdraws from a multiemployer pension plan . . . then the employer is liable to the plan in the amount determined . . . to be the withdrawal liability." 29 U.S.C. § 1381. The fund has an obligation to: (1) determine Defendants' withdrawal liability; (2) notify Defendants of the amount of withdrawal liability; and (3) collect the amount of withdrawal liability from the employer Defendants. Trucking Employees of North Jersey Welfare Fund, Inc. – Pension Fund v. Caliber Auto Transfer, Inc., No. 08-2782, 2009 WL 3584358, at *1 (D.N.J. Oct. 27, 2009) (citing 29 U.S.C. § 1382).

The Pension Fund has complied with all the requirements of ERISA here. Plaintiffs issued a Notice and Demand letter, dated February 25, 2010, that notified Defendants of their liability. In addition, the letter provided a payment schedule of $4,922.08 a month over the course of 240 months commencing on January 1, 2010. Compl. Ex. D, Dkt. No. 1-1. The Pension Fund informed Harvard Press of its right to make a "request for review or objection to the assessment" within 90 days of receipt of the letter. Id. Plaintiffs subsequently issued a Demand for Cure to Harvard Press, dated August 6, 2010. The Demand for Cure informed Harvard Press that "if payment in accordance with the schedule is not made in full within 60 days . . . [it] will be in default of its withdrawal liability assessment." Compl. Ex. E, Dkt. No. 1-1. At that time, "the entire assessment and interest rate shall be immediately due." Id. Harvard Press has failed to seek a review of the assessment, initiate arbitration proceedings against Plaintiffs, or make any payments pursuant to

the schedule. Compl. ¶¶ 19-22. Therefore, Plaintiffs have stated a sufficient cause of action for withdrawal liability under ERISA.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense.[1] See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that Plaintiffs will suffer prejudice absent entry of default judgment as Plaintiffs will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint and Defendants are not infants, otherwise incompetent, or presently engaged in military service. See Affidavits of Service, Dkt. No. 4; Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 WL 4388697, at *2 (D.N.J. Sept. 4, 2014); see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

---

[1] The only filing made in this case from a party other than Plaintiffs is a letter from Brian W. Fahey to Plaintiffs' counsel, dated April 15, 2016, which copied the Clerk's Office of this Court. Fahey Letter, Dkt. No. 6. The letter was filed following the Clerk's entry of default. In the letter, Mr. Fahey asserts that he "represented [Defendants] in a prior litigation against a local GCIU affiliate," and asks Plaintiffs to stipulate to suspend the instant matter to verify whether they are estopped by the prior litigation. Id. at 1. This is not a sufficient responsive pleading. Neither Mr. Fahey or any other representative has entered an appearance on behalf of Defendants. Moreover, the letter does not seek to vacate the Clerk's entry of default or otherwise answer the Complaint. To the extent that Defendants wish to raise a res judicata defense, the proper mechanism would be to enter an appearance and file a motion or other responsive pleading.

**D. Monetary Damages**

First, Plaintiffs request $1,079,200 as the sum of the withdrawal liability owed. Compl. ¶ 22. Under ERISA, an employer is liable to the plan for the entirety of the "withdrawal liability." See 29 U.S.C. §§ 1381, 1391. Here, Plaintiffs support their finding of withdrawal liability with calculation details consistent with the statutory framework. Compl. Ex. C. Pursuant to statute, Plaintiffs' calculations sum the employer's proportional share of the unamortized amount of the change in the Pension Fund's unfunded vested benefits for plan years and the employer's proportional share of the unamortized amounts of the reallocated unfunded vested benefits. Id.; see 29 U.S.C. § 1391(b). The Court therefore finds that Plaintiff has sufficiently proved the amount of withdrawal liability.

Plaintiffs also request "interest at the prevailing market rate" along with "reasonable attorneys' fees and costs of the action." Compl. ¶ 22. ERISA provides for the recovery of interest on unpaid contributions and reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2). However, Plaintiffs have not provided adequate support for interest or attorney's fees and costs. Plaintiffs' motion for default judgment does not specify an interest rate,[2] or list any specific attorney's fees and costs. Thus, the Court finds that there is an insufficient basis upon which to enter default judgment regarding interest or attorneys' fees and costs at this time. See Eastern Const. & Elec., Inc. v. Universe Technologies, Inc., No. 10-1238, 2011 WL 53185, at *5 (D.N.J. Jan. 6, 2011) (denying motion for default judgment as to prejudgment interest because plaintiff did not provide a proposed rate or any rate calculations).

---

[2] Plaintiffs' submissions contain inconsistent interest rates that may apply to this action. For instance, the Fund's Trust Agreement provides that "delinquent contributions shall bear interest at the rate of ten percent" a year. Compl. Ex. A at 26. But Plaintiffs' own calculations as used in their Notice and Demand letter applied an eight percent interest rate. Compl. Ex. D. It is unclear whether either of these interest rates is the "prevailing market rate" that Plaintiffs request.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for final judgment by default against Defendants Harvard Press, Inc., Harvard Printing Co. and Wilrick, LLC is **GRANTED** in part and **DENIED** in part without prejudice.  An appropriate order accompanies this opinion.

**Dated: December 20, 2016**

> */s Madeline Cox Arleo*
> **MADELINE COX ARLEO**
> **United States District Judge**